IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/23/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

KEVIN GIOVANNY ROJAS BARRAGAN,
By His Next Friend, Maria Del Mar Mahecha Reyes,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
WESLEY E. McCLAIN, Anderson County Sheriff;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3408-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **denied in part and retained under advisement in part pending further briefing**. Respondents shall file a supplemental answer on or before **December 4, 2026**, in which they address petitioner's claim alleging the lack of a warrant; and petitioner shall file any supplemental traverse on that issue on or before **December 18, 2026**. The petition is otherwise denied. Petitioner's motion for a temporary restraining order (Doc. # 7) is hereby **denied**.

Petitioner alleges that he has been detained since September 16, 2026, by immigration officials pending removal proceedings, and that he is presently in custody in

this judicial district. On October 19, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

In the first two claims in the petition, petitioner challenges the constitutionality of actions by state law enforcement officials who arrested him and then transferred custody of him to immigration officials. In his traverse, petitioner abandons any such claims based on the conduct of state officials, and instead asserts a new claim alleging that immigration officials detained him without a warrant in violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii). Respondents have not had an opportunity to respond to such a claim. Accordingly, the Court retains this claim under advisement, and it orders supplemental briefing from the parties as set forth herein.

In his remaining claim, petitioner challenges the adequacy of his bond hearing in immigration court. On October 8, 2026, the immigration court conducted a bond hearing. Petitioner was represented by counsel at that hearing, and he had the opportunity to present evidence and argument. The immigration judge (IJ) denied the request for release on bond, finding that petitioner presented a danger to the community, as evidenced by a DUI charge

and diversion. Petitioner claims ineffective assistance of counsel, based on his counsel's failure to submit certain evidence at the hearing.

The Court denies this claim, as petitioner has not properly exhausted his administrative remedies by asserting this claim and seeking relief in the immigration courts. As a general rule, "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," although a narrow exception may apply if the petitioner demonstrates that exhaustion is futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). In this case, petitioner could have raised this claim regarding his counsel in immigration court in seeking a new bond hearing, or he could have raised the claim in an appeal of the bond denial to the Board of Immigration Appeals (BIA). *See Sanchez-Lopez v. Bondi*, 2025 WL 1392190, at *1 (10th Cir. May 14, 2025) (unpub. op.) (noting that a claim of ineffective assistance of counsel may be asserted in immigration court). Moreover, petitioner would be free even now to request a new bond hearing based on new evidence not presented at the previous hearing. Petitioner expresses concern that the IJ could reject the new evidence; but he has not shown that he has requested a new hearing or that any such request has been denied. Accordingly, because petitioner has not shown that he is being prevented from seeking release on bond based on the cited evidence, he has not established a due process violation, and the Court denies this claim on the merits as well.

Finally, the Court denies petitioner's emergency motion, filed November 19, 2026, by which he seeks a temporary restraining order. Petitioner asserts that online records erroneously indicate that a removal order was entered on November 13, 2026, a date on

which no hearing took place; and he seeks to enjoin his removal based on a concern that officials could attempt to execute the non-existent order. Respondents have submitted evidence, however, that on November 13, 2026, the immigration court granted the Government's motion, denied petitioner's applications for relief, and ordered petitioner's removal. Thus, because there is in fact a removal order, there is no risk of an unordered removal. Respondents further note that the removal order is not yet final, as petitioner's appeal time has not yet run, and also that petitioner has filed a motion to reopen proceedings in immigration court; thus, there is no risk of removal in the immediate future. In addition, petitioner has not provided any basis to halt execution of the removal order if it does become final. Finally, petitioner has not shown that a transfer to another facility is likely, and he has not explained how any such transfer would affect his ability to file his supplemental traverse; the Court in its discretion therefore denies petitioner's request for an injunction prohibiting his transfer during the pendency of this action.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied in part and retained under advisement in part pending further briefing**. Respondents shall file a supplemental answer on or before **December 4, 2026**, in which they address petitioner's claim asserting the lack of a warrant; and petitioner shall file any supplemental traverse on that issue on or before **December 18, 2026**. The petition is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for a temporary restraining order (Doc. # 7) is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge